SAMUEL KASTENBAUM, Respondent, v. DIRECTOR-GENERAL OF RAILROADS, Appellant.— Judgment and order affirmed, with costs. All concur.

VICTORIA STANIEWSKI, Respondent, v. JOHN J. JOHNSTON, Appellant.— Judgment affirmed, with costs. All concur, except Davis, J., who dissents and votes for reversal upon the ground that the plaintiff was a beneficiary of the fraud, was not an innocent purchaser for value, that the fraud has not been purged, and that the court should leave the parties where it finds them.

MARY CASE, Respondent, v. S. WANDER & SONS' CHEMICAL COMPANY, INC., Appellant.— Judgment affirmed, with costs. All concur. |

In the Matter of the Petition of EDWARD E. COATSWORTH, as Trustee under the Last Will and Testament of ANNA B. WILLIS, Deceased, Respondent, for the Construction of Said Will. JEWISH ORPHAN ASYLUM, Appellant; CLARA B. KOEPPEL, Respondent.— Decree affirmed, with costs. All concur.

In the Matter of the Estate of LINCOLN G. DE CANT, Deceased. PERSIS C. JOHNSON and Another, Appellants; MABEL E. DE CANT, Executrix, etc., Respondent.— The justices qualified to sit in this appeal being equally divided and unable to render a decision therein, the appeal is transferred to the Appellate Division, Third Department, to be there heard and determined, pursuant to section 231 of the Code of Civil Procedure. Lambert, J., not sitting. [See post, p. 982.]

BURR T. BREED, Respondent, v. CORNELL UNIVERSITY, Appellant.— Judgment and order affirmed, with costs. All concur.

In the Matter of the Application of AMBERG REALTY COMPANY, Appellant, for the Removal of LOUIS ROSANBLOOM and Another, Respondents, from Certain Premises in the City of Niagara Falls, New York.— Orders affirmed, with costs. All concur.

CHARLES A. CARPENTER, Respondent, v. EMPIRE STATE RAILROAD CORPORATION, Appellant.— Judgment and order affirmed, with costs. All concur.

WILLIAM M. JONES, Respondent, v. ALFRED COCOMITROS, Appellant.— Order reversed, with costs in this court and in County Court. Held, the agreement of February 1, 1916, was a new and original lease, incorporating all the provisions of the lease of November 23, 1910, which included an option on the part of the tenant to extend the lease for a period of two years upon the same terms and conditions, and that having given notice of his election to take such extension prior to December 31, 1920, the defendant was in legal possession of the premises and was not subject to removal after January 1, 1921, by summary proceedings.

CLORA FENTON BOWERS and Another, Respondents, v. CRANDALL REALTY COMPANY, INC., Appellant, Impleaded with Others.— Judgment affirmed, with costs. All concur.

HIRAM J. SWAN, Respondent, v. GLENFIELD AND WESTERN RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.